IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES E. MEAD, JR.                                                                          PLAINTIFF

v.                                        CIVIL NO. 21-3068

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, James E. Mead, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on April 4, 2018, alleging an inability to work since May 1, 2017, due to sleep apnea, an Achilles tendon rupture, depression, anxiety, low testosterone, carpel tunnel syndrome and dyslexia. (Tr. 86, 188). An administrative telephonic hearing was held on March 17, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 36-83).

By written decision dated October 29, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 25). Specifically, the ALJ found Plaintiff had the following severe impairments: right Achilles tendonitis status post-right plantar fasciotomy and tenolysis of the flexor tendons, obesity, osteoarthritis/internal derangement of the left knee, obstructive sleep apnea, insomnia, restless leg

syndrome, diabetes mellitus, and neuropathy. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 26). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except he is limited to occasional climbing of ramps and stairs, no climbing of ladders, ropes, and scaffolds, and occasional stooping, kneeling, crouching, and crawling.

(Tr. 27). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a security guard and a loan officer/file clerk. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on July 27, 2021. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ's RFC determination is not supported by substantial evidence; and 2) The ALJ's decision denying benefits is not supported by substantial evidence. (ECF No. 16). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of non-examining agency medical consultants and non-examining medical consultant; Plaintiff's subjective complaints; and his medical records. With respect to the medical opinions (Drs. Cheryl A. Snyder, Clarence Ballard, Diane Kogut, Nicholas Rios, and Subramaniam Krishnamurthi) the ALJ articulated the supportability and consistency of each opinion with the record as a whole and determined the level of persuasiveness. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's treating physicians placed no restrictions on his activities that would preclude performing the RFC determined during the relevant time period. *See Hutton v. Apfel,* 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). While Plaintiff reported occasional numbness in his feet, a review of the record revealed Plaintiff denied numbness and tingling in January of 2019, August of 2019, and December of 2019. (Tr. 486, 504, 509). Plaintiff disagrees with the ALJ's RFC determination; however, after reviewing the record as a whole, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC.

*See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 26th day of October 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE